IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | NO. |
| v. | ) ) ) | COMPLAINT |
| BAKER & TAYLOR, INC. | ) ) | |
| Defendant | ) ) | |

**NATURE OF THE ACTION**

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") to correct a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII in violation of Section 707(a) of Title VII. Specifically, as alleged with greater detail below, since at least July 2011, Baker & Taylor, Inc. ("Baker & Taylor") conditioned employees' receipt of severance pay on an overly broad, misleading and unenforceable Waiver and Release Agreement ("Severance Agreement") that interferes with its employee's right to file charges with the EEOC and Fair Employment Practices Agencies ("FEPAs") and participate and communicate voluntarily with the EEOC and FEPAs.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorize and instituted pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-6.

3. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff, Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Section 707(a) of Title VII, 42 U.S.C. § 2000e-6.

5. At all relevant times, Defendant has continuously been a corporation under the laws of the State of Delaware, doing business in the city of Momence, IL, having its headquarters and registered office at 2550 W. Tyvola Rd., Suite 300, Charlotte, NC, 28217.

6. At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

7. EEOC has reasonable cause to believe that during the time period from at least July 2011, to the present, Defendant engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII in violation of Section 707 of Title VII by conditioning the receipt of severance benefits on employees' agreement to a Severance Agreement that deterred the filing of charges and interfered with their ability to communicate voluntarily with the EEOC and FEPAs.

8. Among other things, the Severance Agreement states:

    a. **I further agree never to institute any complaint**, proceeding, grievance, or action of any kind at law, in equity, or otherwise in any court of the United States or in any state, or **in any administrative agency of the United States** or any state, country, or municipality, or before any other tribunal, public or private, against the Company arising

    from or relating to my employment with or my termination of employment from the Company, the Severance Pay Plan, and/or any other occurrences up to and including the date of this Waiver and Release, other than for nonpayment of the above-described Severance Pay Plan.  (Emphasis added.)

  b.  I agree that I will not make any disparaging remarks or take any other action that could reasonably be anticipated to damage the reputation and goodwill of Company or negatively reflect on Company.  **I will not discuss or comment upon the termination of my employment in any way that would reflect negatively on the Company. However, nothing in this Release will prevent me from truthfully responding to a subpoena or otherwise complying with a government investigation**.  (emphasis added.)

  c.  A full copy of the Severance Agreement is attached and incorporated by reference (with the identifying information for the affected employee redacted.)

9. During the period of time from July 2011 to the present, Defendant reported that approximately twenty-five employees were subject to the Severance Agreement, and EEOC is aware of no employee during this time period who was subject to a Severance Agreement with language that did not include the language referenced in Paragraph 8.

10. The Severance Agreement reflects resistance to the full enjoy of rights secured by Title VII because the Severance Agreement interferes with an employee's right to file a charge with the EEOC or FEPAs and to participate and cooperate with the EEOC or FEPAs.

11. The pattern or practice of resistance to the right to file a charge and participate and cooperate with investigations by the EEOC or FEPAs is intended to deny the full exercise of these rights.

12. Limiting employees' right to file charges and participate and cooperate with the EEOC and FEPAs interferes with the EEOC and the FEPA's statutorily assigned responsibility to investigate charges of discrimination. EEOC and the FEPAs are charge driven agencies that rely on charging parties to inform the agencies of alleged discrimination. "The EEOC depends on the filing of charges to notify it of possible discrimination . . . A charge not only informs the EEOC of discrimination against the employee who files the charge or on whose behalf it is filed but also may identify other unlawful company actions." *EEOC v. Cosmair*, 821 F.2d 1085, 1090 (5th Cir. 1987); *see also Faris v. Williams WPC-I, Inc*., 332 F.3d 316, 321 (5th Cir. 2003) (citing *Cosmair* and also indicating that any waiver of the right to file a charge is void as against public policy); *American Airlines v. Cardoza-Rodriguez*, 133 F.3d 111, 118 n. 7 (1st Cir. 1998); *McCall v. U.S. Postal Serv*., 839 F.2d 664, 666 n\* (Fed. Cir. 1988) (same); *Carllicotte v. Carlucci*, 698 F.Supp. 944, 946-47 (D.D.C. 1988) (same).

13. "Agreements that attempt to bar individuals from filing a charge or assisting in a Commission investigation run afoul of the anti-retaliation provisions. . . . By their very existence, such agreements have a chilling effect on the willingness and ability of individuals to come forward with information that may be of critical import to the Commission as it seeks to advance the public interest . . . ." *EEOC Enforcement Guidance on Non-Waivable Employee Rights Under EEOC Enforced Statutes*, No. 915.002 (April 10, 1997).

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in a pattern or practice of resistance to the right to file a charge and participate and cooperate with investigations

4

by the EEOC or FEPAs including but not limited to enjoining Defendant from using the current version of its Severance Agreement or from prohibiting employees from filing charges with or cooperating with EEOC or FEPAs.

B. Order Defendant to institute and carry out policies, practices, and programs that provide for the full exercise of the right to file a charge and participate and cooperate with the EEOC and FEPAs.

C. Toll the three-hundred day charge filing period for any charge filed by any employee who was subject to a Severance Agreement that interfered with the right to file charges with the EEOC and FEPAs and that deterred participation and cooperation with the EEOC and FEPAs.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs in this action.

Dated: May 20, 2013

Respectfully submitted,

s/P. David Lopez

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

s/John Hendrickson

_____

John Hendrickson
Regional Attorney

s/Gregory Gochanour

_____

Gregory Gochanour
Supervisory Trial Attorney

s/Deborah Hamilton

_____

Deborah Hamilton, No. 6269891
Trial Attorney

s/Laura Feldman

_____

Laura Feldman
Trial Attorney