IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) NO. 1: 13 CV 03729 |
| | ) ) Judge Nordberg |
| v. | ) ) Magistrate Mason |
| BAKER & TAYLOR, INC.. | ) ) |
| Defendant | ) ) |

## CONSENT DECREE

### LITIGATION

1. This Consent Decree is made and entered into between Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendant Baker & Taylor, Inc. ("Baker &Taylor") (EEOC and Baker & Taylor collectively referred to herein as "the Parties), and it is entered as an order by this Court.

2. On May 20, 2013, EEOC instituted this action alleging that since July 27, 2011, Baker &Taylor engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII in violation of Section 707(a) of Title VII of the Civil Rights Act of 1964 (Title VII). Specifically, EEOC alleged that, Baker & Taylor conditioned employees' receipt of severance pay on an Agreement, Waiver and Release (Waiver Agreement) that interferes with employees' rights to file charges with the EEOC and Fair Employment Practices Agencies (FEPAs) and to communicate with the EEOC and FEPAs. This Waiver Agreement is attached as Exhibit A (but specific employee identification information has

1

been redacted.) Baker & Taylor filed an Answer denying certain allegations and any

violation of Section 707(a) and/or any other provision of Title VII.

3. In the interest of promptly resolving this matter without extensive litigation, and as a result of

having engaged in comprehensive settlement negotiations, the Parties have agreed that this

action should be resolved by entry of this Consent Decree (Decree). The entry of this Decree

is not and should not be construed as an admission by either party of the claims or defenses

of the other.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the

pleadings, record and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of this action and of the Parties.

   b. The terms of this Decree are adequate, fair and reasonable, equitable and just. The rights

   of the Parties and the public interest are adequately protected by this Decree.

   c. The Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not

   in derogation of the rights or privileges of any person. Entry of this Decree will further

   the objectives of Title VII and will be in the best interests of the parties and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

5. Baker & Taylor shall not utilize a Waiver Agreement, a severance agreement or any other

agreement (including but not limited to an arbitration agreement, last chance agreement, or

settlement agreement) with any applicant, employee or former employee (hereinafter

"employment agreement") that discourages, deters or interferes with employee's right to file

a charge with the EEOC and/or a FEPA or to participate or cooperate in any investigation by the EEOC and/or a FEPA.

6. Baker & Taylor is hereby enjoined from use of Defendant's current Waiver Agreement, which is attached as Exhibit A. Defendant is also enjoined from any attempt to enforce the Agreement with regard to any communication with EEOC or a state FEPA.

7. Baker & Taylor is hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree. This includes a bar against intimidating, threatening or coercing an employee who files a charge on account of that charge or as a means of compelling that employee to withdraw the charge.

## REVISION OF AGREEMENT, WAIVER AND RELEASE

8. Any severance agreement requiring an employee to waive or release claims entered into by Baker & Taylor after the Effective Date of this Decree, will include the following language in the release:

> "Nothing in this Agreement is intended to limit in any way an Employee's right or ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. Employees retain the right to participate in such any action and to recover any appropriate relief. Employees retain the right to communicate with the EEOC and comparable state or local agencies and such communication can be initiated by the employee or in response to the government and is not limited by any non-disparagement obligation under this agreement."

9. No employment agreement (as defined in Paragraph 5) entered by Baker & Taylor after the entry of this Decree will require any employee or former employee to: (a) maintain as confidential the facts and/or allegations underlying any charge or complaint of discrimination unless there is an express

3

exception for communications with the EEOC and comparable state and local FEPAs; (b) waive their

respective statutory rights to file a charge with any governmental agency unless there is an express

exception for the EEOC and comparable state and local FEPAs; or (c) agree to a non-disparagement

and/or confidentiality agreement unless there is an express exception for communications with the

EEOC or comparable state or local FEPAs. As part of each required report under Paragraph 20,

Baker & Taylor shall include a sworn written certification from the Vice President of Human

Resources (or the most senior ranking Human Resources executive) of Baker & Taylor that, i) he or

she is a person with knowledge and responsibility for reporting employment agreements (as

defined in Paragraph 5) entered into or offered by Baker & Taylor; ii) he or she has taken all

reasonable steps to review such employment agreements, and iii) all employment

agreements (as defined in Paragraph 5) entered by Baker & Taylor after entry of this Decree

comply with the requirements of this Decree.

## AMENDMENT OF POLICY PROHIBITING DISCRIMINATION AND RETALIATION

10.     Within twenty-eight (28) calendar days of the entry of this Decree, Baker & Taylor shall

amend its policy against discrimination and retaliation by adding the following language:

> "Nothing in this Policy infringes on an Employee's right or ability to file a charge or
> claim of discrimination with the U.S. Equal Employment Opportunity Commission
> ("EEOC") or comparable state or local agencies. These agencies have the authority to
> carry out their statutory duties by investigating the charge, issuing a determination,
> filing a lawsuit in Federal or state court in their own name, or taking any other action
> authorized under these statutes. Employees retain the right to participate in any such
> action and to recover any appropriate relief in any such action. Employees retain the
> right to communicate with the EEOC and comparable state or local agencies and such
> communication can be initiated by the employee or in response to the government
> and is not limited by any non-disparagement obligation under this Policy."

11. Within thirty (30) calendar days of the entry of the Decree, Baker & Taylor shall post the

amended policy against discrimination and retaliation in all physical locations used for

communicating with employees and on the company's intranet. The physical posting shall

be posted for thirty (30) calendar days. The amended policy shall remain available on the

Company intranet. At least one time per year in accord with Baker & Taylor's schedule and process for announcing changes to policy documents, Baker & Taylor shall disseminate the policy against discrimination and retaliation by doing the following: a) For employees with company e-mail addresses, Baker & Taylor will e-mail the policy against discrimination and retaliation to such employees either by attaching a copy of such policy to the e-mail or providing a hyperlink in the e-mail which would allow such employees to click the hyperlink and view such policy; and b) For employees without company e-mail addresses, Baker & Taylor will provide paper copies to such employees.

12. As part of its initial report to the EEOC under Paragraph 20, Baker & Taylor shall include a written certification that the above-described amendment of its policy against discrimination and retaliation has occurred and shall confirm in appropriate reports that the amended policy has been posted and disseminated in accordance with this Decree.

## EEOC OR COURT APPROVAL

13. Nothing in the Decree represents the Court's or EEOC's approval of any employment agreement entered into by Baker & Taylor or Baker & Taylor's policy against discrimination or retaliation.

## TOLLING OF THE CHARGE FILING PERIOD

14. Within ten (10) business days after entry of this Decree, Baker & Taylor will provide to the EEOC a complete list in electronic format of all individuals and their last known addresses, email addresses and phone numbers who were provided and/or executed the Waiver Agreement between July 27, 2011 and the present. EEOC will then mail these individuals a copy of the letter attached hereto as Exhibit B advising them of their right to file a charge of discrimination with the EEOC or a state or local FEPA as a result of Baker & Taylor's

5

agreement to the terms contained in the Decree, regardless of any contrary language in each employee's Waiver Agreement.

15. Baker & Taylor agrees that in response to a charge of discrimination filed with the EEOC or a state or local FEPA by one of these individuals within one-hundred and eighty (180) days of entry of this Decree, it will not raise as a defense that the individual failed to timely file his or her charge of discrimination so long as the discrimination occurred within 300 days of the date that she or he was offered the Waiver Agreement.

16. Within the 180 day tolling period should one of these employees file a Charge alleging discrimination that occurred within 300 days of the date that the Agreement was received by the Charging Party, Baker & Taylor retains the right to present any legal or factual defense to such a charge other than the fact that the charge was not timely filed. Should one of these employees file a Charge after the 180 days has passed, Baker & Taylor retains its right to present any legal or factual defense to such a Charge, including a defense that the Charge is untimely.

## RECORD KEEPING AND REPORTING

17. For the duration of this Decree, Baker & Taylor shall maintain a copy of each severance agreement or employment agreement entered into with any employee or applicant that requires the employee or applicant to waiver or release claims. Baker & Taylor will also maintain all related documents and a record of each person who objected to any of the provisions in a severance or employment agreement on the basis that they limited the employees' ability to assert a discrimination claim or communicate with the EEOC and whether Baker & Taylor modified the provisions or changed them in any way in response to the objection raised.

6

18. On a semi-annual basis during the duration of this Decree, Baker & Taylor will provide to EEOC a list of individuals who were offered or who entered into any severance agreement with Baker & Taylor that required the individual to waive or release claims, including the name, position or title, department, and all last known telephone numbers and home address(es) of each individual. Baker & Taylor will also provide a list of any person who objected to any of the provisions in a severance or employment agreement on the basis that they limited the employees' ability to assert a discrimination claim or communicate with the EEOC and whether Baker & Taylor modified the provisions or changed them in any way in response to the objection raised. For each identified individual, Baker & Taylor will provide their name, position or title, department, all last known telephone numbers and home address. Baker & Taylor will also provide the substance of any discussion regarding any such objection, the date of the objection, the name of the individual(s) to whom the objection was made, and identify all modifications made to the employment agreement in response to the objection.

19. For the duration of this Decree, Baker & Taylor shall make all documents or records referred to in the previous two paragraphs available for inspection and copying within ten (10) business days after a written request from the EEOC for said documents.

20. For the duration of this Decree, Baker & Taylor shall furnish to the EEOC written reports semi-annually containing the information required by Paragraph 18. The reports shall also contain the sworn certification from the Vice President of Human Resources (or the most senior Human Resources executive) of Baker & Taylor that i) he or she is a person with knowledge and responsibility for reporting employment agreements (as defined in Paragraph 5) offered or entered into by Baker & Taylor; ii) he or she has taken all reasonable steps to

7

review such employment agreements; and iii) any employment agreements (as defined by

Paragraph 5) entered into or offered by Baker & Taylor conform to the requirements of this

Decree . The first report shall be due six (6) months after entry of the Decree.

## TRAINING

21. During each year covered by this Decree, all human resources employees and all employees

who draft, negotiate, or sign employment agreements which provide for the employee

towaive or release claims shall participate in an annual training session by an outside trainer

paid for by Baker & Taylor and approved by the EEOC regarding employees' rights to

engage in protected activity, including but not limited to employees' and former employees'

rights to file a charge or communicate freely with EEOC or a state or local FEPA.

22. Baker & Taylor shall use Harry J. Secaras of the Ogletree Deakins law firm to provide such

training or obtain the EEOC's approval of another proposed outside trainer(s) prior to the

training session. Baker & Taylor shall submit the name, address, telephone number, resume,

training proposal and any materials to be distributed to the participants to the EEOC at least

twenty-one (21) days prior to the proposed date(s) of the training. The EEOC shall have five

(5) calendar days from the date of receipt of the information described above to accept or

reject the proposed trainer(s). In the event the EEOC does not approve Baker & Taylor's

designated trainer(s), Baker & Taylor shall have five (5) calendar days to identify an

alternate trainer(s). The EEOC shall have five (5) calendar days from the date of receipt of

the information described above to accept or reject the alternate trainer(s). If the parties

cannot through this process agree on a trainer(s), then they may seek the Court's assistance

under Paragraph 27.

23. At the training, employees shall be provided with contact information for individuals to whom they may pose questions and receive responses related to the training. At the beginning of each training session, an executive-level employee will introduce the trainer and state that Baker & Taylor takes it obligations under all EEO laws and prohibitions seriously. Also at that time, the same individual shall also state that Baker & Taylor prohibits retaliation against individuals who oppose acts made unlawful by federal EEO laws and prohibits retaliation against individuals who participate in protected activity under federal EEO laws.

24. Baker & Taylor shall certify to the EEOC in writing within five (5) business days after each training occurred that the training took place and that the required personnel attended. Such certification shall include the date, location and duration of the training and a copy of an attendance list, which shall include the name and position of each person in attendance. Baker & Taylor shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

<u>DURATION OF THE DECREE AND RETENTION OF JURISDICTION</u>

25. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 27, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes have been resolved. If, however, there are no reports or complaints of violations of the terms of this Decree for a period of two (2) years immediately following entry of this Decree, all provisions of this Decree shall expire at the end of that two-year period.

Case: 1:13-cv-03729 Document #: 14 Filed: 07/10/13 Page 10 of 12 PageID #:64


## SCOPE

26. By entering into this Decree the parties do not resolve any charges of discrimination currently pending before the EEOC or any state and local FEPAs. EEOC does not waive or in any manner limit its right to process or seek relief based on any charge or investigation. Likewise, Baker & Taylor does not waive or in any way compromise its defenses to any currently pending matter, except as required under paragraphs 15.

## DISPUTE RESOLUTION

27. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing within ninety (90) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

28. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

29. The terms of this Decree are and shall be binding upon the present and future management (including supervisory employees), representatives, agents, directors, officers, assigns, and successors of Baker & Taylor, and all those in active concert or participation with them or any of them. Where the term Baker & Taylor is used in this Decree, it refers to all such persons.

30. During the duration of this Decree, Baker & Taylor will provide a copy of this Decree to any organization which proposes to acquire or merge with Baker & Taylor, prior to the effectiveness of any such acquisition or merger. In the event that Baker & Taylor is acquired by or merges with another organization during the duration of this Decree, Baker & Taylor shall notify EEOC of this fact, in writing, within ten (10) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

31. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Baker & Taylor Settlement, Attn. Deborah Hamilton, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of notices or materials to Defendant, they shall be mailed to: Harry J. Secaras, Ogeltree, Deakins, Nash, Smoak & Stewart, PC, 155 North Wacker Drive, Suite 4300, Chicago, Illinois 60606. The Parties agree that such reports, certifications, notices or other materials may be transmitted electronically with hard-copy followed via US Mail.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

David P. Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 869-8110


s/John C. Hendrickson/dlh (with permission)

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

_____
Deborah Hamilton
Trial Attorney

_____
Laura Feldman
Trial Attorney

DATE: July 10, 2013

For Baker & Taylor, Inc.:


s/Harry J. Secaras/ dlh (with permission)

Its:      Authorized representative
          Ogletree Deakins
          155 N. Wacker, Suite 4300
          Chicago, IL 60606


ENTER:


The Honorable Judge Nordberg
United States District Judge